AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Indiana

| | |
|---|---|
| United States of America<br>v.<br><br>CHRISTOPHER J. STANFORD,<br><br>*Defendant(s)* | Case No.<br>1:19-mj-0645 |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __March 7, 2019 - June 18, 2019__ in the county of __Montgomery__ in the __Southern__ District of __Indiana__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Count 1: 18 U.S.C. § 2252(a)(2) | Distribution and Receipt of Child Pornography |
| Count 2: 18 U.S.C. § 2252(a)(4)(B) and (b)(2) | Possession of Child Pornography |

This criminal complaint is based on these facts:

See Attached Affidavit.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Ryan Lindgren,  SA, FBI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: __06/21/2019__

_____
*Judge's signature*

City and state: __Indianapolis, Indiana__       Tim A. Baker, U.S. Magistrate Judge
*Printed name and title*

SCANNED

## **AFFIDAVIT IN SUPPORT OF APPLICATION**

I, Ryan E. Lindgren, a Special Agent (SA) with the Federal Bureau of Investigation (FBI), hereby depose and state as follows:

1. I am a Special Agent with the Federal Bureau of Investigation, and have been employed with the FBI since September 2018. I am assigned to the Indianapolis Field Office, Terre Haute Resident Agency. I am assigned to conduct investigations into violations of federal criminal law in Terre Haute and surrounding areas. I have received 21 weeks of law enforcement related training at Quantico, Virginia. I am required to complete many hours of law enforcement related continuing education trainings/courses every year. The continuing education consists of computer-based trainings, classroom trainings, firearms trainings, and scenario based trainings. I graduated from Illinois State University in 2009. As a Special Agent, I am authorized to investigate violations of the laws of the United States and to execute warrants issued under the authority of the United States.

2. **Information provided**: The statements in this affidavit are based in part on information provided by the persons listed below, including Forensic Examiner and Sgt. Christopher Cecil, a Task Force Officer with the FBI and a law enforcement officer employed by the Indiana State Police. Because this affidavit is being submitted for the limited purpose of securing an arrest warrant, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to

1

establish probable cause that **CHRISTOPHER J. STANFORD** ("Stanford") has violated Title 18, United States Code, Sections 2252(a)(2) and (a)(4)(B) and (b)(2).

3. **Requested action**: I make this affidavit in support of application for a Criminal Complaint and Arrest warrant for **CHRISTOPHER J. STANFORD**, for offenses committed in the Southern District of Indiana.

4. **Probable Cause:** For the reasons listed below, there is probable cause to believe that **CHRIS STANFORD** has committed these offenses:

   A. **COUNT 1, 18.U.S.C. § 2252(a)(2): Distribution and Receipt of Child Pornography and**

   B. **COUNT 2, 18.U.S.C. § 2252(a)(4)(B) and (b)(2): Possession of Child Pornography.**

5. **Distribution, Receipt, and Possession of Child Pornography:** This complaint concerns also alleged violations of **18 U.S.C. § 2252(a)** which generally prohibits a person from knowingly transporting, shipping, receiving, distributing, reproducing for distribution, or possessing any visual depiction of minors engaging in sexually explicit conduct when such visual depiction was either mailed or shipped or transported in interstate or foreign commerce by any means, including by computer, or when such visual depiction was produced using materials that had traveled in interstate or foreign commerce. 18 U.S.C. § 2252(b)(2) provides for enhanced penalties for individuals who knowingly possess at least one visual depiction of a pre-pubescent minor or a

2

minor who is less than 12 years of age and is engaging in sexually explicit conduct.

### Definitions

6. The following definitions apply to this Affidavit::

A. The term "minor," as defined in 18 U.S.C. § 2256(1), refers to any person under the age of eighteen years.

B. The term "visual depiction," as defined in 18 U.S.C. § 2256(5), includes undeveloped film and videotape, data stored on computer disc or other electronic means which is capable of conversion into a visual image, and data which is capable of conversion into a visual image that has been transmitted by any means, whether or not stored in a permanent format.

C. The term "sexually explicit conduct" means actual or simulated:

  1) Sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same sex or opposite sex;

  2) Masturbation;

  3) Sadistic or masochistic abuse; or

  4) Lascivious exhibition of the genitals or pubic area of any person.

D. The term "computer," as defined in 18 U.S.C. §1030(e)(1), means an electronic, magnetic, optical, electrochemical, or other high

3

speed data processing device performing logical, arithmetic, or storage functions, and includes any data storage facility or communications facility directly related to or operating in conjunction with such device.

E.  The term "child pornography," as defined in 18 U.S.C. § 2256(8), means any visual depiction, including any photograph, film, video, picture, or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where 1) the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct; 2) such visual depiction is a digital image, computer image, or computer-generated image that is, or is indistinguishable from, that of a minor engaging in sexually explicit conduct; or 3) such visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaging in sexually explicit conduct.

F.  The terms "records," "documents," and "materials," as used herein, include all information recorded in any form, visual or aural, and by any means, whether in handmade form (including, but not limited to, writings, drawings, painting), photographic form (including, but not limited to, microfilm, microfiche, prints, slides, negatives, videotapes, motion pictures, photocopies), mechanical form (including, but not limited to, phonograph records, printing, typing) or electrical, electronic or magnetic form (including, but not limited to, tape recordings, cassettes, compact discs, electronic or magnetic storage devices such as

floppy diskettes, hard disks, CD-ROMs, digital video disks (DVDs), Personal Digital Assistants (PDAs), Multi Media Cards (MMCs), memory sticks, optical disks, printer buffers, smart cards, memory calculators, electronic dialers, Bernoulli drives, or electronic notebooks, as well as digital data files and printouts or readouts from any magnetic, electrical or electronic storage device).

    G.    "Internet Service Providers" (ISPs), as used herein, are commercial organizations that are in business to provide individuals and businesses access to the Internet. ISPs provide a range of functions for their customers including access to the Internet, web hosting, email, remote storage, and co-location of computers and other communications equipment.

    H.    "Internet Protocol address" (IP address), as used herein, is a code made up of numbers separated by dots that identifies a particular computer on the Internet. Every computer requires an IP address to connect to the Internet. IP addresses can be dynamic, meaning that the ISP assigns a different unique number to a computer every time it accesses the Internet. IP addresses might also be static, if an ISP assigns a user's computer a particular IP address which is used each time the computer accesses the Internet.

    I.    "Website" consists of textual pages of information and associated graphic images. The textual information is stored in a specific format known as Hyper-Text Mark-up Language (HTML) and is

transmitted from web servers to various web clients via Hyper-Text Transport Protocol (HTTP).

J. The term "P2P file sharing program" refers to a file sharing network. It is a networking technology that normally uses a decentralized communication model. What is meant by this is that there is not any central server involved and all computers in the network act as both server and client. File transfers are made exclusively through the sharing computers.

**Case Specific Probable Cause**

7. On March 7, 2019, an Online Covert Employee, Symbol Number OCE-7346-SAC, conducted an undercover review session on a publicly available peer-to-peer file sharing program. OCE-7346-SAC downloaded the files containing visual depictions of minors engaged in sexually explicit conduct using peer-to-peer law enforcement software. Using this software, OCE-7346-SAC determined that the IP address 107.207.163.3 was permitting the illegal downloading of these files. Each download was a single-source download, meaning that all of the files in question originated from a single computer at the IP Address 107.207.163.3.

8. Following the March 7, 2019 undercover session, your affiant reviewed the downloaded images and described them as follows:

A. A video titled "12yo Maximilian.mp4" was downloaded, which could be viewed and described as follows: 12yo Maximilian.mp4 depicts a nude, pre-pubescent male minor child. He is shown in the shower with

6

an erect and exposed penis and is masturbating. The minor child is also shown after getting out of the shower and is wearing only a t-shirt. He is again shown with an erect and exposed penis and is masturbating. The video is 16 minutes and 47 seconds in length.

B. A video titled "- 2blond 13Yo Boys.mpg" was downloaded, which could be viewed and described as follows: - 2blond 13Yo Boys.mpg depicts two nude male minor children, one appearing to be pre-pubescent. Both have erect and exposed penises and the video depicts the two male minors taking turns performing oral sex on each other. The video is 47 seconds in length.

C. A picture titled "Private082.jpg" was downloaded, which could be viewed and described as follows: Private082.jpg depicts a pre-pubescent male minor child wearing only a t-shirt. The minor child appears to be under the age of 12. The minor child is lying on a bed with his left leg in the air and is penetrating his anus with what appears to be a sex toy.

D. A picture titled "0_f2a97_5d58d961_orig.jpg" was downloaded, which could be viewed and described as follows: 0_f2a97_5d58d961_orig.jpg depicts a nude, pre-pubescent male minor child, who appears to be under the age of 12. The minor child is bent over backwards in a "bridge position" with his head toward the camera and has an erect and exposed penis.

E. A picture titled "IMG_1175.jpg" was downloaded, which

7

could be viewed and described as follows: IMG_1175.jpg depicts a pre-pubescent male child. The minor child appears to be sitting and wearing only a t-shirt while exposing an erect penis.

F.   Multiple other pictures from this undercover session show nude, male minor children posing in various positions with erect and exposed penises. Some of these children appear to be under 12 years of age.

9.   On March 7, 2019, a subpoena was sent to AT&T for the IP address 107.207.163.3 (the IP address from which the above-listed and described visual depictions of minors engaged in sexually explicit conduct were downloaded). AT&T responded to the subpoena request and provided the subscriber information for that IP address was registered to Chris Stanford, 215 W. Union, Waynetown, Indiana, 47990, with an email address of emt47990@sbcglobal.net.

10.   A review of a public source data base identified Christopher J. Stanford's primary residence as 215 W. Union Street, Waynetown, Indiana 47990.

11.   A review of Montgomery County property records, using an online public source database, was conducted on 4/23/2019. The records indicated Christopher J. Stanford was in care of the property located at 215 W. Union Street, Waynetown, Indiana, 47990.

12.   On or about 4/23/2019, the affiant took photos of Stanford's residence at 215 W. Union Street, Waynetown, Indiana. A white SUV was seen

8

parked in the driveway at the same location. The license plates on the SUV revealed the vehicle was registered to Christopher J. Stanford at 215 W. Union Street, Waynetown, Indiana.

13. On June 18, 2019, I applied for and received a federal search warrant for the Stanford residence located at 215 W. Union Street, Waynetown, Indiana.

14. On June 20, 2019, I along with members of the Indiana Internet Crimes Against Children Task Force executed the warrant at 215 W. Union Street, Waynetown, Indiana. Stanford was present and after being advised of his Miranda rights, he agreed to waive those rights and to be interviewed. His interview was audio and video-recorded.

15. Stanford is employed as an Emergency Medical Technician (EMT) / Paramedic. He was the only person living in the residence located at 215 W. Union Street.

16. **Stanford's Interview:** Stanford admitted that he used GigaTribe peer-to-peer file sharing in order to receive and to distribute visual depictions of child pornography. He admitted that he knew that he was sharing the images of child pornography with other users. He said he had been downloading images for a couple of months. Stanford said that he preferred images of 16-17 year old boys; however, he said that he did not like images of boys younger than 10 – 12 years old. Stanford said that the HP laptop computer and the Samsung tablet belonged to him.

17. **Forensic Examinations**: During execution of the search warrant,

9

assisting officers found a HP laptop and a Samsung Tablet and an iPhone. The HP laptop and the Samsung tablet have been preliminarily examined, along with a CD found inside of the HP Laptop and all were found to contain child pornography.

    A.    Indiana State Police digital forensic examiner Sergeant Christopher Cecil reported finding Gigatribe sharing software on the HP Laptop computer. Cecil believes that the software was last used on June 14, 2019 at 23:55 hrs. Stanford's username is dragon987 and Cecil was able to see the names of other users who had shared files of child pornography with Stanford.

    B.    In addition to other files containing visual depictions of minors engaged in sexually explicit conduct, a forensic examination of the HP laptop showed the presence of the same files that Stanford shared through GigaTribe during the undercover session on March 7, 2019. These visual depictions were found on the laptop with a filepath of Users/emt47/Documents/GigaTribe Downloads/dragon987.

    C.    Cecil found approximately 150 videos depicting minors engaged in sexually explicit conduct, including at least one pre-pubescent minor, on the CD that was stored in the laptop.

18.    Stanford used the Internet, a means and facility of interstate and foreign commerce, to distribute and receive child pornography.

19.    **Conclusion**: Based upon the contents of this Affidavit, I believe probable cause exists to charge **CHRISTOPHER J. STANFORD** with a violation

of Title 18, United States Code, Section 2252(a)(2) and Title 18, United States Code, Section 2252(a)(4)(B) and (b)(2). This criminal activity occurred between on or about March 7, 2019 and on or about June 20, 2019 in the Southern District of Indiana. I respectfully request that the Court issue an arrest warrant and criminal complaint for the offenses listed above.

_____
Ryan Lindgren
Special Agent
Federal Bureau of Investigation

Subscribed and sworn before me this 20th day of June, 2019.

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

11